**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAMEL ORTIZ,

    *Plaintiff*,

v.

WASTE MANAGEMENT, INC.,

    *Defendant*.

Civil Action No. 21-459 (JMV) (MF)

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

    Plaintiff Jamel Ortiz seeks to bring this action against his former employer *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 3. For the reasons discussed below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* but the Complaint is **DISMISSED** without prejudice for failure to state a claim.

    Under § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently establishes his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.

    When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of

1

review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 Fed. App'x 120, 122 (3d Cir. 2012).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotations and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789. In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted).

Moreover, because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

Plaintiff's Complaint alleges that he commenced employment with Defendant Waste Management, Inc. in May 2019 as a residential driver. D.E. 1. Throughout his employment, Plaintiff alleges that his "white colleagues were granted more favorable terms and conditions of

employment," such as working shorter hours, and white employees were not disciplined for infractions for which others were disciplined. *Id.* Plaintiff complained to his managers, Robert and Edwin, as well as his union representative, Mike, about the disparate treatment; however, no action was taken.[1] *Id.*

At the time of his termination on January 6, 2020, Plaintiff was working as a Front Load Operator. *Id.* Plaintiff was discharged "for having two backing accidents." *Id.* The Complaint explains that Defendant "has a two backing rule which states that two backing accidents will result in termination." Despite this policy, Plaintiff alleges that a white colleague, Ricky Loader, had more than two backing accidents and is still employed. *Id.* Additionally, Loader's brother Jerry was "caught using his phone and running stop signs and has not be disciplined" for either infraction. *Id.* The Complaint alleges that this disparate treatment demonstrates that Plaintiff was discriminated against "due to [his] race (black), national origin (Hispanic)[2] and in retaliation for [his] complaints in violation of Title VII of the Civil Rights Act of 1964 and the New Jersey Law Against Discrimination." *Id.*

The same legal standards govern claims arising under Title VII and the New Jersey Law Against Discrimination (NJLAD), so the Court will analyze Plaintiff's federal and state law claims together. *Schurr v. Resorts Int'l Hotel, Inc.*, 196 F.3d 486, 498 (3d Cir. 1999); *Feeney v. Jefferies & Co., Inc.*, No. 09-2708, 2010 WL 2629065, *4 (D.N.J. June 28, 2010). As an initial matter, a plaintiff must comply with the procedural requirements set forth in Title VII before bringing employment discrimination charges under Title VII. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d

---

[1] Plaintiff did not provide last names for these individuals.

[2] It appears that Plaintiff meant his ethnicity rather than national origin, but the distinction is not material to the Court's analysis.

256, 260 (3d Cir. 2006). Title VII requires that a complainant file a "charge" and receive a "right to sue" letter from the Equal Employment Opportunity Commission ("EEOC") before filing suit in the district court. *Burgh v. Borough Council of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001). On March 18, 2020, Plaintiff submitted a Charge of Discrimination to both the Equal Employment Opportunity Commission ("EEOC") and the New Jersey Division on Civil Rights. D.E. 1-2. Plaintiff obtained a Notice of Right to Sue letter from the EEOC on October 8, 2020. D.E. 1-1. Plaintiff has therefore complied with Title VII's procedural requirements.

Turning first to Plaintiff's discrimination claims, under Title VII, an employer cannot "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . or national origin." 42 U.S.C. § 2000e-2(a)(1). The NJLAD also makes unlawful an employer's discrimination on the basis of race or national origin. N.J. Stat. Ann. § 10:5-12(a). To sustain a *prima face* case of discrimination, a plaintiff must show: (1) he belonged to a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) the adverse action occurred under circumstances that support an inference of discriminatory intent. *Johnson v. Keebler-Sunshine Biscuits, Inc.*, 214 Fed. App'x 239, 241 (3d Cir. 2007) (citing *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410-11 (3d Cir. 1999); *Victor v. State*, 4 A.3d 126, 141 (N.J. 2010). "At the motion to dismiss stage, an employment discrimination plaintiff does not need to prove its *prima facie* case of discrimination"; instead, a plaintiff need only plead facts that would make his . . . *prima facie* case . . . plausible." *Hassell v. Johnson & Johnson*, No. 13-4109, 2014 WL1744266, *3 (D.N.J. May 1, 2014).

Plaintiff's Complaint does not include sufficient details to plausibly allege discrimination claims under Title VII or the NJLAD. Plaintiff does plausibly allege that he is a member of a

4

protected class, and he provides some factual allegations in support, but his Complaint needs additional information to be plausible. For example, Plaintiff alleges that his white colleagues "worked shorter hours" and were "granted more favorable terms and conditions of employment," but provides no further explanation of what this entailed. Without knowing how many hours Plaintiff worked, how that number compared to the hours worked by white employees, and whether others working less hours were compensated the same as Plaintiff, the Court cannot find plausible allegations of disparate treatment. Additionally, Plaintiff alleges that white colleagues "were not disciplined for infractions that others were disciplined for," but provides no examples or explanations of specific instances of this disparate discipline. Plaintiff does not identify what the infractions consisted of, nor does he indicate that non-white employees were disciplined for the same conduct. A more detailed explanation of the circumstances surrounding Plaintiff's termination is also required, such as the dates of Plaintiff's and Ricky Loader's backing accidents, as well as a description of what a backing accident is. The Court concludes that Plaintiff has failed to plausibly allege discrimination claims under Title VII and the NJLAD.

Turning next to Plaintiff's retaliation claims, Title VII makes it unlawful for an employer to retaliate against an employee who "opposed . . . an unlawful employment practice" or engaged in a protected activity. 42 U.S.C. § 2000e-3(a). The NJLAD also forbids "any person to take reprisals against any person because that person has opposed any practices or acts forbidden under [the NJLAD] or because that person has filed a complaint." N.J. Stat. Ann. § 10:5-12(d). To prevail on a retaliation claim, a plaintiff must put forth a *prima facie* case, showing: (1) he engaged in a protected activity; (2) he suffered an adverse employment action; and (3) there is a causal connection between the two events. *Moore v. Philadelphia*, 461 F.3d 331, 340-41 (3d Cir. 2006) (Title VII); *Henry v. N.J. Dept. of Human Servs.*, 9 A.3d 882, 889 (N.J. 2010) (NJLAD). To satisfy

the third element – causation – at the *prima facie* stage, "a plaintiff need only proffer evidence sufficient to raise the inference that [his] engagement in a protected activity was the likely reason for the adverse employment action." *Carvalho-Grevious v. Del. State Univ.*, 851 F.3d 249, 253 (3d Cir. 2017).

Plaintiff's Complaint fails to include sufficient allegations to sustain a retaliation claim. While Plaintiff alleges that he complained about disparate treatment to management, the Complaint does not provide important details, like the dates on which Plaintiff made these complaints, or a description of how the complaints were made, or when the retaliatory action occurred in relation to the timing of his complaints. The Court concludes that Plaintiff failed to plausibly allege a retaliation claim.

The Court also notes that the format of Plaintiff's Complaint is deficient. Pursuant to Federal Rule of Civil Procedure 10, a complaint – like every pleading – "must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation." Fed. R. Civ. P. 10(a). Additionally, a plaintiff's complaint "must state its claims . . . in numbered paragraphs." Fed. R. Civ. P. 10(b). The numbered paragraphs are important because a defendant is required to respond to each paragraph specifically.

For the foregoing reasons, Plaintiff fails to plausibly plead a cause of action, and his Complaint is dismissed. When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice; dismissal without prejudice affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). A district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Because

Plaintiff is proceeding *pro se*, and is entitled to a more relaxed standard of review than if he was represented by counsel, the Court will grant him an opportunity to amend his pleadings and plausibly allege a cause of action.

Accordingly, and for good cause shown,

IT IS on this 22nd day of February, 2021

**ORDERED** that Plaintiff's application to proceed *in forma pauperis*, D.E. 3, is **GRANTED**; and it is further

**ORDERED** that the Complaint, D.E. 1, is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim; and it is further

**ORDERED** that Plaintiff may file an amended complaint within thirty (30) days of receipt of this Opinion and Order. If Plaintiff fails to file an amended complaint within thirty (30) days of receipt, dismissal of this case shall be with prejudice;[3] and it is further

**ORDERED** that if Plaintiff files an amended complaint, it should contain a caption and numbered paragraphs in accordance with Federal Rule of Civil Procedure 10; and it is further

**ORDERED** that the Clerk shall serve this Opinion and Order upon Plaintiff by regular mail and by certified mail return receipt.

John Michael Vazquez, U.S.D.J.

---

[3] Dismissal with prejudice means that Plaintiff will **not** be able to bring any future action against Defendant based on the allegations in this case.